1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    ALVARO R. HERNANDEZ,                    )
                                             )
10                Plaintiff(s),              )          No. C 07-0765 CRB (PR)
                                             )
11        v.                                 )          ORDER OF SERVICE
                                             )
12   ELOY MEDINA, et al.,                    )
                                             )
13                Defendant(s).              )
     _____       )

14

15          Plaintiff, a state prisoner currently incarcerated at the Richard J. Donovan

16   Correctional Facility ("RJD"), has filed a pro se civil rights complaint under 42

17   U.S.C. § 1983 alleging various violations of his federal rights while incarcerated

18   at Calipatria State Prison ("CAL") and Salinas Valley State Prison (SVSP").

19                               **DISCUSSION**

20   A.     Standard of Review

21          Federal courts must engage in a preliminary screening of cases in which

22   prisoners seek redress from a governmental entity or officer or employee of a

23   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24   claims or dismiss the complaint, or any portion of the complaint, if the complaint

25   "is frivolous, malicious, or fails to state a claim upon which relief may be

26   granted," or "seeks monetary relief from a defendant who is immune from such

27   relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2  elements: (1) that a right secured by the Constitution or laws of the United States

3  was violated, and (2) that the alleged violation was committed by a person acting

4  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

5       B.       Legal Claims

6       Plaintiff alleges that on May 19, 2000, while incarcerated at CAL, he was

7  severely beaten up by correctional officers Rodriguez and Garnulo.  And since

8  being transferred to SVSP, Drs. Lee and Bowman refuse to provide him with

9  adequate treatment for the severe and chronic pain to his head, back and neck he

10  still suffers from the CAL beating.

11       Plaintiff's allegations against Rodriguez and Garnulo are dismissed

12  without prejudice to bringing in the United States District Court for the Southern

13  District of California, where venue properly lies.  See 28 USC §§ 84(d), 1391(b).

14  But liberally construed, his allegations against SVSP Drs. Lee and Bowman state

15  a cognizable § 1983 claim for deliberate indifference to serious medical needs

16  against the two doctors and will be served.  See Estelle v. Gamble, 429 U.S. 97,

17  104 (1976) (deliberate indifference to serious medical needs violates 8th

18  Amendment's proscription against cruel and unusual punishment).

19       Plaintiff alleges that on February 20, 2006, in retaliation for his arguing

20  with a guard, correctional officers J. McAnelly and D. Ambriz entered his cell

21  and stole some of his personal property.  Plaintiff further alleges that he filed a

22  grievance and, in retaliation for doing so, Sgt. D. Galloway and officers Briseno

23  and Ditter tore up his cell and took more of his personal property.

24       Liberally construed, plaintiff's allegations against Galloway, Briseno and

25  Ditter state a cognizable § 1983 claim for relation for exercising his right to file a

26  grievance.  See Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (the right of

27

28                                        2

1  access to the courts extends to established prison grievance procedures, thus a

2  prisoner may not be retaliated against for using such procedures).  But plaintiff's

3  allegations against McAnelly and Ambriz are dismissed because they amount to

4  no more than a claim for deprivation of property not cognizable under § 1983.

5  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law

6  provides adequate post-deprivation remedy for unlawful deprivation of property).

7       Plaintiff alleges that since February 2006, SVSP dental staff have not

8  honored his requests for porcelain fillings for several teeth he had pulled and

9  teeth cleaning.  To whatever extent plaintiff seeks injunctive relief, the claim is

10  dismissed as moot due to his transfer to RJD.  See Dilley v. Gunn, 64 F.3d 1365,

11  1368-69 (9th Cir. 1995) (when inmate is released from prison or transferred to

12  another prison and there is no reasonable expectation nor demonstrated

13  probability that he will again be subjected to the prison conditions from which he

14  seeks injunctive relief, the claim for injunctive relief must be dismissed as moot).

15  And to whatever he seeks damages, he must name individual defendants and set

16  forth specific facts showing how their actions and/or omissions actually and

17  proximately cause to the deprivation his Eight Amendment rights.  See Leer v.

18  Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

19       Plaintiff alleges that on December 21, 2006, Sgt. Trayham falsely charged

20  him with a disciplinary violation in retaliation for plaintiff's refusing to take a

21  cellmate.  Plaintiff further alleges that Lt. Caplan falsified evidence at the

22  subsequent disciplinary hearing and precluded plaintiff from gathering evidence

23  in his support.

24       Liberally construed, plaintiff's allegations against Caplan state a

25  cognizable § 1983 claim for denial of due process at the disciplinary hearing.

26  See Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974) (setting forth required

27

28                                    3

1 procedural protections at prison disciplinary hearings).  But plaintiff's allegations

2 against Trayham are dismissed because they do not amount to more than a claim

3 for filing false charges and it is well-established that a prisoner has no

4 constitutionally guaranteed immunity from being falsely or wrongly accused of

5 conduct which may result in the deprivation of a protected liberty interest.  See

6 Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

7 Plaintiff alleges that Eloy Medina and Variz improperly "screened out"

8 and cancelled some of his prisoner grievances.  Plaintiff's allegations against

9 Medina and Variz are dismissed because it is well-established that there is no

10 constitutional right to a prison administrative appeal or grievance system, see

11 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d

12 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative

13 appeal or grievance system does not implicate a liberty interest protected by the

14 Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.

15 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same).

**CONCLUSION**

17 For the foregoing reasons and for good cause shown,

18 1.      The clerk shall issue summons and the United States Marshal shall

19 serve, without prepayment of fees, copies of the complaint in this matter, all

20 attachments thereto, and copies of this order on the following defendants at

21 SVSP:  Drs. Lee and Bowman, Sgt. Galloway and correctional officers Briseno

22 and Ditter, and Lt. Caplan.  All other named defendants are dismissed.

23 2.      In order to expedite the resolution of this case, the court orders as

24 follows:

25 a.      No later than 90 days from the date of this order, defendants

26 shall file a motion for summary judgment or other dispositive motion.  A motion

28 4

1   for summary judgment shall be supported by adequate factual documentation and

2   shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

3   include as exhibits all records and incident reports stemming from the events at

4   issue.  If defendants are of the opinion that this case cannot be resolved by

5   summary judgment or other dispositive motion, they shall so inform the court

6   prior to the date their motion is due.  All papers filed with the court shall be

7   served promptly on plaintiff.

8               b.      Plaintiff's opposition to the dispositive motion shall be filed

9   with the court and served upon defendants no later than 30 days after defendants

10   serve plaintiff with the motion.

11               c.      Plaintiff is advised that a motion for summary judgment

12   under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

13   case.  Rule 56 tells you what you must do in order to oppose a motion for

14   summary judgment.  Generally, summary judgment must be granted when there

15   is no genuine issue of material fact--that is, if there is no real dispute about any

16   fact that would affect the result of your case, the party who asked for summary

17   judgment is entitled to judgment as a matter of law, which will end your case.

18   When a party you are suing makes a motion for summary judgment that is

19   properly supported by declarations (or other sworn testimony), you cannot simply

20   rely on what your complaint says.  Instead, you must set out specific facts in

21   declarations, depositions, answers to interrogatories, or authenticated documents,

22   as provided in Rule 56(e), that contradicts the facts shown in the defendant's

23   declarations and documents and show that there is a genuine issue of material

24   fact for trial.  If you do not submit your own evidence in opposition, summary

25   judgment, if appropriate, may be entered against you.  If summary judgment is

26   granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

27

28                                              5

1 | 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

2 |       Plaintiff is also advised that a motion to dismiss for failure to exhaust

3 | administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

4 | case, albeit without prejudice.  You must "develop a record" and present it in

5 | your opposition in order to dispute any "factual record" presented by the

6 | defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

7 | n.14 (9th Cir. 2003).

8 |       d.    Defendants shall file a reply brief within 15 days of the date

9 | on which plaintiff serves them with the opposition.

10 |       e.    The motion shall be deemed submitted as of the date the

11 | reply brief is due.  No hearing will be held on the motion unless the court so

12 | orders at a later date.

13 |     3.    Discovery may be taken in accordance with the Federal Rules of

14 | Civil Procedure.  No further court order is required before the parties may

15 | conduct discovery.

16 |     4.    All communications by plaintiff with the court must be served on

17 | defendants, or defendants' counsel once counsel has been designated, by mailing

18 | a true copy of the document to defendants or defendants' counsel.

19 |     5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must

20 | keep the court and all parties informed of any change of address and must comply

21 | with the court's orders in a timely fashion.  Failure to do so may result in the

22 | dismissal of this action under Federal Rule of Civil Procedure 41(b).

23 | SO ORDERED.

24 | DATED:  Aug. 2, 2007

25 | CHARLES R. BREYER
    United States District Judge

26 |

27 | G:\PRO-SE\CRB\CR.07\Hernandez, A1.or1.wpd

28 | 6